Jonathan Shub (CA Bar # 237708)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Ph: (215) 238-1700
Email: jshub@kohnswift.com

*Attorneys for Plaintiff and the Proposed Class*
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINI PATTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LULAROE, LLC d/b/a LuLaRoe, a California Limited Liability Company, LLR, Inc., a Wyoming Corporation,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

Plaintiff Jini Patton brings this class action lawsuit on behalf of herself and all other similarly situated persons who were LuLaRoe, LLC d/b/a LuLaRoe ("LuLaRoe") consultants from 2013 until the present to recover damages and for

other relief based on LuLaRoe's unfair and deceptive practices involving its refusal to accept the return of merchandise and issue refunds as promised.

Plaintiff brings these claims against Defendants LuLaRoe and LLR, Inc. under California's consumer protection statutes including California's Unfair Competition Law (Business and Professions Code §17200 et seq.) and False Advertising Law (Business and Professions Code § 17500).

## **PARTIES**

1.      Plaintiff Jini Pattton is an individual who resides in Bensalem Township, Bucks County, PA. Plaintiff entered into a LLR, Inc. Independent Consultant Program Application and Agreement with Defendants and became a LuLaRoe consultant in or about May 5, 2016.

2.      Defendant LuLaRoe, LLC is and at all material times was a California Limited Liability Company located at 1375 Sampson Avenue in Corona, California.

3.      Defendant LLR, Inc. is and at all material times was a Wyoming Corporation with its principal place of business located at 416 Double Eagle Ranch Road, Thayne, Wyoming 83127.

4.       Based upon information and belief, at all times mentioned herein, each Defendant was acting as an agent and/or employee and/or joint venture and/or

CLASS ACTION COMPLAINT

co-conspirator of the other Defendant, within the course and scope of that agency and/or employment and/or joint venture and/or conspiracy with the full knowledge, permission, consent and ratification of the other Defendant.  In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by the other Defendant.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because the suit is a class action, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000, excluding interest and costs.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6.      This Court has personal jurisdiction over Defendants, because Defendant LuLaRoe is headquartered in this District; Defendants do a substantial amount of business in California, including in this District; they are authorized to conduct business in California, including in this District; and have intentionally availed themselves of the laws and markets of this District through the promotion, sale, marketing, and/or distribution of their products and services.

7.      Venue is proper in this district under 28 U.S.C. §1391(a)(1) and (a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

8.    Venue is also proper because Defendants transact a substantial amount of its business in this District and have a law and forum selection clause in its "LuLaRoe Independent Consultant Program Application and Agreement[s]" which selects the Central District of California as the venue.

## PLAINTIFF PATTON'S ALLEGATIONS

9.    Plaintiff signed up to purchase LuLaRoe products in May, 2016 and invested approximately $20,000 on supplies and product inventory including but not limited to hangers, portable clothing racks, shipping supplies, shipping program, scales, etc.

10.    Like many other Consultants, Plaintiff pulled money from her savings and investments to become a consultant.

11.    Plaintiff's inventory was largely determined/selected by Defendants. Notwithstanding her purchase orders and requests, Plaintiff received whatever patterns and sizes Defendants chose to send her. Plaintiff often received numerous duplicates of a product in the same size and rarely received items that were popular and saleable. This practice left her with a significant amount of inventory that she was unable to sell to consumers.

12.    To make these onerous practices acceptable to Plaintiff and other Consultants, Defendants represented and promised Plaintiff and other Consultants that they would accept the return of unwanted inventory and make a full refund

CLASS ACTION COMPLAINT

without cost or expense to the Consultant.

13.    Pursuant to and in reliance upon Defendants' stated policy, Plaintiff placed orders and accepted unwanted inventory from Defendants, believing that the unwanted inventory could be returned for a full refund at no cost or expense or to Plaintiff.

14.    Plaintiff faced greater than expected challenges in selling Defendants' products.  The market for Defendants' product had simply become too saturated with Consultants who were trying to move the inventory that they were requested to perpetually purchase.

15.    Pursuant to Defendants' stated policy and practice, Plaintiff sought to return inventory to Defendants of approximately $10,000.  However, contrary to their stated policy and representations, Defendants ignored Plaintiff's requests and either gave Plaintiff a reduced refund or ignored Plaintiff's request altogether.

16.    Unbeknownst to Plaintiff, Defendants maintained a secret policy and practice to delay and/or ignore return requests, and/or refused to send return authorizations, and/or charged Plaintiff substantial fees for any returns.

17.    As a result of Defendants' conduct, in or about May 30, 2017, Plaintiff had no choice but to quit the company, or she would continue to lose money purchasing inventory over which she had no control and could not sell. She was unable to attain a net recovery of her investments in Defendants' products,

CLASS ACTION COMPLAINT

despite her efforts.

18.     As a result of Defendants' conduct, Plaintiff was unable to return approximately $10,000 in unsold inventory and was caused to lose additional money for supplies and equipment that were no longer needed.

## CLASS ALLEGATIONS

19.     Plaintiff brings this suit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf the following class:

> **All persons who were and are LuLaRue Consultants from 2013 to the present and who sought to return inventory to Defendants.**
>
> Excluded from the class are the Defendants, their employees, family members.  Also excluded from this matter are any judicial officers presiding over this matter and their immediate family members.

20.     Plaintiff seeks to pursue a private attorney general action for injunctive relief for herself and all members of the class.

21.     Plaintiff satisfies all of the standing and class action requirements for class certification.

22.     The number of Class Members are well into the thousands making joinder of all Class Members in a single action impracticable.

23.     Members of the class will be easily ascertained because all class members have written contracts with Defendants, which Defendants have preserved.

24.     There are questions of law and/or fact common to the class, including

CLASS ACTION COMPLAINT

but not limited to:

     a.  Whether Defendants were (and for how long) or are currently operating an unlawful scheme;

     b.  Whether Defendants kept secret and/or failed to disclose policies, practices and procedures regarding return items and refunds;

     c.  Whether Defendants acted pursuant to its secret policies and practices and refused to accept returns and pay refunds as promised;

     d.  Whether Defendants' agreements with Consultants were the same or similar and involve the same controlling California state laws and statutes;

     e.  Whether Consultants paid money to Defendants for:

          (1)    the right to sell a product; and

          (2)    whether Consultants were required to make an initial investment;

     f.  Whether Defendants had a buy-back rule and enforced it;

     g.  Whether Defendants chose the Consultants' inventory;

     h.  Whether Defendants knowingly delayed and/or refused to accept returns and pay refunds as represented;

     i.  The extent to which Defendants' conduct injured Plaintiff and other Class Members;

     j.  Whether Defendants' conduct constitutes an unlawful, unfair and/or deceptive trade practice under California state law;

     k.  Whether Defendants' conduct constitutes unfair competition under California state law; and

     l.  Whether Defendants' conduct constitutes false advertising under

California state law.

25.     These and other questions of law and/or fact are common to the class and predominate over any question affecting only individual class members.

26.     Plaintiff's claims are typical of the claims of the class in that Plaintiff was a consultant for Defendants and was unable to return product and inventory because of the illegal scheme set forth herein.

27.     Plaintiff will fairly and adequately represent the interests of the class. Plaintiff's interests are fully aligned with those of the class; further Plaintiff has retained counsel experienced and skilled in complex class action litigation.

28.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged, because such treatment will allow many similarly-situated persons to pursue their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender.

29.     Plaintiff knows of no difficulty likely to be encountered in the management of this case that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
### Breach of Promise
### (Against All Defendants)

30.     Plaintiff incorporates by reference all of the other allegations of this Complaint as if set forth here at length.

CLASS ACTION COMPLAINT

31.     Defendant breached its promise to accept returns and to make full refunds without cost or expense to Plaintiff and all other Class Members.

32.     As a result of Defendants' conduct, Plaintiff and all other Class Members were caused to suffer damages for the cost of inventory they sought to return, and for equipment and supplies that were no longer needed.

## SECOND CLAIM FOR RELIEF
**Unfair and Deceptive Practices Claims Under Cal. Bus, & Prof. Code § 17200, et seq.**
**(Against All Defendants)**

33.     Plaintiff incorporates by reference all of the other allegations of this Complaint as if set forth here at length.

34.     Defendants agreed to work together in a symbiotic relationship to mislead all of the LuLaRoe Consultants in the class who signed an agreement with Defendants governed by California law.

35.     Defendants have engaged in constant and continuous illegal, unfair, and fraudulent business acts or practices, and unfair, deceptive, false and misleading advertising within the meaning of the California Business and Professions Code § 17200, et seq.  The acts or practices alleged constitute a pattern of behavior, pursued as a wrongful business practice that has victimized and continues to victimize thousands of consumers.

36.     Under California Business and Professions Code § 17200, an "unlawful" business practice violates California law.

37.     Defendants' business practices are illegal because they involve the creation and promotion of an illegal scheme.

38.     Defendants utilize this illegal scheme with the intent, directly or indirectly, to dispose of property, in LuLaRoe products.

39.     Under California Business and Professions Code § 17200, an "unfair" business practice includes a practice that offends an established public policy, or that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

40.     Defendants' promotion and operation of its refund and return scheme is unethical, oppressive, and unscrupulous.

41.     Under California Business and Professions Code § 17200, a "fraudulent" business practice is likely to deceive the public.

42.     Defendants' business practice is fraudulent in that they have deceived and continue to deceive the public by misrepresenting their business.  Defendants have made numerous misrepresentations about their return and refund practices which directly impact the income that a consultant can realize by becoming a consultant and participating in the scheme and failed to inform Plaintiff and other consultants that Defendants were operating an illegal business scheme.

43.     Plaintiff and the Class Members have relied, and continue to rely on Defendants' misrepresentations and omissions to their detriment.

44.     Because of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expenses of Plaintiff and the Class Members.

45.     Defendants should be made to disgorge these ill-gotten gains and return to Plaintiff and the Class Members the wrongfully taken revenue.

46.     Defendants' unlawful, unfair and fraudulent acts and/or omissions will not be completely and finally stopped without orders of an injunctive nature.

47.     Under California Business and Professions Code section 17203, Plaintiff seeks a judicial order of an equitable nature against all Defendants, including, but not limited to, an order declaring such practices as complained of to be unlawful, unfair, fraudulent and/or deceptive, and enjoining them from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions related to operating the illegal scheme.  Plaintiff also seeks restitution, disgorgement, and any other appropriate equitable relief.

### Third Claim For Relief
**False Advertising**
**(California Business and Professions Code § 17500, et seq.)**
**[Against All Defendants]**

48.     Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

49.     Plaintiff brings this cause of action on behalf of herself and on behalf of all other LuLaRoe consultants in the class who signed an agreement with

CLASS ACTION COMPLAINT

LuLaRoe governed by California law.

50.     Defendants' business acts, false advertisements and materially misleading omissions constitute unfair trade practices and false advertising, in violation of the California Business and Professions Code § 17500, et seq.

51.     Defendants engaged in false, unfair and misleading business practices, consisting of false advertising and materially misleading omissions likely to deceive the public and include, but are not limited to:

        a.     Defendants misrepresented the money that a consultant would earn;

        b.     Defendants misrepresented its return and refund policies and practices;

        c.     Defendants' marketing and promotions constitutes misleading, unfair, and fraudulent advertising in connection with their false advertising to induce Consultants to purchase products.

        d.     Defendants knew or should have known, in exercising reasonable care, that the statements they were making were untrue or misleading and deceived members of the public.  Defendants knew or should have known, in exercising reasonable care, that consultants, including Plaintiff, would rely, and relied on Defendants' misrepresentations and omissions.

52.     Because of Defendants' untrue and/or misleading representations,

Defendants wrongfully acquired money from Plaintiff and the Class Members to which it was not entitled.  The Court should order Defendants to disgorge, for the benefit of Plaintiff and Class Members their profits and compensation and/or make restitution to Plaintiff and all Class Members.

53.    Under California Business and Professions Code section 17535, Plaintiff and all Class Members seek a judicial order directing Defendants to cease and desist with all false advertising related to the Defendants' scheme and any such other injunctive relief as the Court finds just and appropriate.  Plaintiff also seeks restitution, disgorgement, and any other appropriate equitable relief.

## **PRAYER FOR RELIEF**

Plaintiff and all Class Members request the following relief:

A.    Certification of the class;

B.    A jury trial and judgment against Defendants;

C.    Damages for the financial losses incurred by Plaintiff and the Class because of Defendants' conduct including restitution, disgorgement of monies, treble damages and any other appropriate equitable relief;

D.    Temporary and permanent injunctive relief enjoining Defendants working in concert from further unfair, unlawful, fraudulent and/or deceptive acts, including, but not limited to, false advertising;

E.    The cost of suit, including reasonable attorneys' fees under

{00176233 }

13

California Code of Civil Procedure § 1021.5 and otherwise by law;

F.     For general, compensatory and exemplary damages in an amount yet to be ascertained; and

G.     For such other damages, relief and pre- and post-judgment interest as the Court may deem just and proper.

For the purposes of due process and as may be required by the Federal Rules of Civil Procedure, Plaintiff and the Class make a demand in this matter, which they set at $1 Billion.  This is understood to be a reservation of rights for default-judgment purposes, and reflects, among other things, that the applicable law allows for disgorgement and restitution.  Plaintiff and the Class highlight that Defendants enrolled at least thousands of individuals, each of whom paid at least $5,000 to participate in Defendants' scheme, and many of whom thereafter paid repeatedly additional funds to Defendants.  This demand may be increased or decreased according to proof in accordance with applicable law.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and the Class demand trial by jury for all claims in which a jury is permitted.

Date: November 1, 2017        By: <u>/s/ Jonathan Shub</u>
                                    Jonathan Shub

                                    Jonathan Shub (CA Bar # 237708)
                                    **KOHN, SWIFT & GRAF, P.C.**
                                    One South Broad Street
                                    Suite 2100
                                    Philadelphia, PA 19107
                                    Ph: (215) 238-1700
                                    Email: jshub@kohnswift.com

                                    Marc H. Edelson, Esq.
                                    **Edelson & Associates, LLC**
                                    3 Terry Drive
                                    Suite 205
                                    Newtown, PA 18940
                                    Ph: (215) 867-2399
                                    Fax: (267) 685-0676
                                    Email: medelson@edelson-law.com

                                    Ronald Jay Smolow, Esq.
                                    3 Three Ponds Lane
                                    Newtown, PA 18940-3001
                                    Ph: (215) 579-1111
                                    Fax: (215) 579-7949
                                    Email: ron@smolow.com

                                    **Attorneys for Plaintiff and the Proposed Class**